# Supreme Court of Florida

_____

No. SC15-2296

_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF APPELLATE
PROCEDURE 9.140.**

[June 30, 2016]
<u>**REVISED OPINION**</u>

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to

Florida Rule of Appellate Procedure 9.140. We have jurisdiction. <u>See</u> art. V, §

2(a), Fla. Const.

The Florida Supreme Court's Criminal Court Steering Committee (Steering

Committee) filed a petition proposing amendments to rule 9.140(g) (Appeal

Proceedings in Criminal Cases; Briefs). The Steering Committee's proposal arose

from a June 19, 2015, request from the Court to consider whether a rule

amendment to the Florida Rules of Appellate Procedure was necessary to address

the circumstances when a sentencing error is identified in the course of an <u>Anders</u>

<u>v. California</u>, 386 U.S. 738 (1967), review. The Court further directed the Steering

Committee to consider whether other changes to the appellate rules related to the adjudication of <u>Anders</u> cases would be beneficial.

In considering the Court's referral, the Steering Committee included liaisons from the Criminal Procedure Rules Committee and the Appellate Court Rules Committee. The Steering Committee also received input from the Florida Public Defender Association and the Office of the Attorney General. The Steering Committee first published its proposed amendment to rule 9.140(g) in the September 15, 2015, edition of <u>The Florida Bar News</u>. The Steering Committee received two comments, and made changes to its proposal accordingly. The Steering Committee then republished its revised proposal to amend rule 9.140(g), in the November 1, 2015, edition of <u>The Florida Bar News</u>. One comment was filed in response to the Steering Committee's proposal. The Steering Committee subsequently filed a response and new appendix with the Court, modifying its proposal to amend rule 9.140(g)(1) in response to the comment. The Court did not publish the Steering Committee's proposal following that submission.

Upon consideration of the Steering Committee's report and the comments received by the Steering Committee, the Court amends rule 9.140(g) as follows. The existing language in subdivision (g) is renumbered subdivision (g)(1) and given the title "Briefs on the Merits." Subdivision (g)(1) includes initial briefs filed pursuant to new subdivision (g)(2)(A), which addresses the circumstances

when an arguable issue is identified in the course of an <u>Anders</u> review. In addition, the word "transmission" is substituted for the word "service." New subdivision (g)(2)(A) codifies <u>Anders</u> case law. New subdivision (g)(2)(B) specifically addresses the handling of unpreserved sentencing, disposition, or commitment order errors, and allows for a motion to be filed in the trial court to correct the error. Specifically, subdivision (g)(2)(B) governs whether the brief should be struck for filing of a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct an unpreserved sentencing error, or a Florida Rule of Juvenile Procedure 8.135(b)(2) motion to correct an unpreserved disposition or commitment error. Finally, the last sentence in subdivision (g)(2)(B) allows the court to set deadlines in order to keep the case on track for timely disposition.

Accordingly, we amend the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendments shall become effective July 1, 2016, at 12:01 a.m. Because the Court did not publish the proposed amendments prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file with the Court comments to any of the rules herein adopted or amended.[1]

---

1. All comments must be filed with the Court on or before August 29, 2016, with a certificate of service verifying that a copy has been served on the Florida Supreme Court Criminal Court Steering Committee Chair, The Honorable Jay

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Criminal Court Steering Committee

Judge Jay Paul Cohen, Chair, Criminal Court Steering Committee, Daytona Beach, Florida, and Barton Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

    for Petitioner

Julianne M. Holt, Public Defender, Thirteenth Judicial Circuit, Tampa, Florida,

    Responding with Comments

---

Cohen, c/o Bart Schneider, Office of the General Counsel, 500 S. Duval Street, Tallahassee, Florida 32399-1925, schneidb@flcourts.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case.  The Committee Chair has until September 19, 2016, to file a response to any comments filed with the Court.  If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb 18, 2013).  If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).  Electronically filed documents must be submitted in Microsoft Word 97 or higher.  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

## RULE 9.140. APPEAL PROCEEDINGS IN CRIMINAL CASES

**(a) - (f)** [No changes]

**(g)** **Briefs.**

**(1)** **Briefs on the merits.** Initial briefs, including those filed pursuant to subdivision (g)(2)(A), shall be served within 30 days of ~~service~~transmission of the record or designation of appointed counsel, whichever is later. Additional briefs shall be served as prescribed by rule 9.210.

**(2)** **Anders Briefs.**

(A) If appointed counsel files a brief stating that an appeal would be frivolous, the court shall independently review the record to discover any arguable issues apparent on the face of the record. Upon the discovery of an arguable issue, other than an unpreserved sentencing, disposition, or commitment order error, the court shall order briefing on the issues identified by the court.

(B) Upon discovery of an unpreserved sentencing, disposition, or commitment order error, the court may strike the brief and allow for a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) or Florida Rule of Juvenile Procedure 8.135(b)(2) to be filed. The court's order may contain deadlines for the cause to be resolved within a reasonable time.

**(h) – (i)** [No changes]

**Committee Notes**
**[No changes]**

**Court Commentary**
**[No changes]**